661 P.2d 1227

**IDAHO FALLS CONSOLIDATED HOSPITALS, INC., a non-profit Idaho corporation, Plaintiff-Appellant,**

v.

**BOARD OF COUNTY COMMISSIONERS OF BONNEVILLE COUNTY, Idaho, Defendant-Respondent.**

No. 14407.

Supreme Court of Idaho.

April 13, 1983.

C. Timothy Hopkins and Larry L. Goins, of Hopkins, French, Crockett & Springer, Idaho Falls, for plaintiff-appellant.

Jerry K. Woolf, Idaho Falls, for defendant-respondent.

PER CURIAM:

Appellant, Idaho Falls Consolidated Hospitals, Inc., a non-profit Idaho corporation, filed a "notice of appeal" in the District Court of the Seventh Judicial District of the State of Idaho for Bonneville County, contending that the respondent, Board of County Commissioners of Bonneville County, made a "recent decision of unknown date denying appellant of its right to any notices required to be given under the Idaho Medical Indigency Statutes, including notice of denial or notice of partial denial for county medical aid . . . ." The notice of appeal additionally alleged that appellant is presently interested in more than twelve applications for county medical aid, "but that respondent refused and continues to refuse to provide appellant notice as to the disposition of those and other claims." In its prayer for relief the "notice of appeal" requests the following relief: that the district court make an appropriate determination of the method of appeal; that the decision of respondent be reviewed and reversed; and that the court issue a permanent injunction ordering respondent to give appellant "appropriate notices regarding the disposition of all pending or future medical indigency claims . . . ."

The respondent Board of County Commissioners filed a motion to dismiss on the ground that the decision of the Board of County Commissioners appealed from was "not a final decision from an administrative hearing, but is rather a policy decision that only could be challenged by suit." The motion to dismiss further asserted that "[a]ppellant is not appealing any particular case but rather a procedural policy decision of the Board of County Commissioners of Bonneville County and as such is not subject to appeal. An independent suit is the proper vehicle to challenge this decision, not an appeal."

In a memorandum decision the district court dismissed the appeal stating, "Whatever the Hospital seeks to accomplish by this appeal is hereby denied." In response to a motion to reconsider, the trial court reaffirmed its prior decision, stating that the appeal could not serve as the vehicle to obtain the relief sought, suggesting that "this question might be reached through mandamus."[1] We affirm the district court's dismissal of the notice of appeal.

Appeals from decisions of the Board of County Commissioners in indigency medical matters are provided for in I.C. § 31–3505, which provides that "[t]he applicant shall be entitled to judicial review of the decision of the board, in substantially the manner provided in the administrative procedures act, chapter 52, title 67, Idaho Code." I.C. § 67–5215, entitled "Judicial review of contested cases," provides that a person "who is aggrieved by a final decision in a contested case of an agency . . ." is entitled to judicial review. "Contested case" is defined in I.C. § 67–5201(2) and is generally limited to a specific case involving the legal rights, duties or privileges of a party.[2]

---

1. The district court may have had in mind I.C. § 67–5207, which provides:

"67–5207. DECLARATORY JUDGMENT ON VALIDITY OR APPLICABILITY OF RULES.—The validity or applicability of a rule may be determined in an action for declaratory judgment in the district court of the county in which the petitioner's attorney resides, if it is alleged that the rule, or its threatened application interferes with or impairs, or threatens to interfere with or impair, the legal rights or privileges of the plaintiff. The agency shall be made a party to the action. A declaratory judgment may be rendered whether or not the plaintiff has requested the agency to pass upon the validity or applicability of the rule in question."

2. I.C. § 67–5201(2) provides:

"67–5201. DEFINITIONS.—As used in this act:
. . . .
(2) 'contested case' means a proceeding, including but not restricted to ratemaking and licensing, in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing; . . . ."

**630**

We are of the opinion that there was no contested case involved in this appeal, and therefore the trial court properly dismissed the notice of appeal. *See Hoppe v. Nichols,* 100 Idaho 133, 137, 594 P.2d 643, 647 (1979) ("[j]udicial review under the Administrative Procedure Act is limited to 'contested cases' ").

Affirmed. Costs to respondent.